Liu v. Garland

BIA
Christensen, IJ
A208 757 028

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of January, two thousand twenty-two.

PRESENT:
    DEBRA ANN LIVINGSTON,
        *Chief Judge,*
    GUIDO CALABRESI,
    WILLIAM J. NARDINI,
        *Circuit Judges.*

_____

JIAN YONG LIU,
        *Petitioner,*

        v.                                          19-4100
                                                    NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         John Son Yong, Esq., New York,
                        NY.

FOR RESPONDENT:         Ethan P. Davis, Acting Assistant
                        Attorney General; Song Park,

Acting Assistant Director; Madeline Henley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Yong Liu, a native and citizen of the People's Republic of China, seeks review of a November 29, 2019, decision of the BIA affirming a March 27, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Yong Liu,* No. A 208 757 028 (B.I.A. Nov. 29, 2019), *aff'g* No. A 208 757 028 (Immig. Ct. N.Y. City Mar. 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [or] the consistency of such statements with other evidence of record . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's adverse credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on inconsistencies between Liu's testimony and his documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Liu testified that he was arrested at an underground church service in February 2016, but he was unable to name the church and stated that there was no record of his attendance. But he submitted a letter from Tangtou City Church certifying that he began attending the church in 2016, and that he is a "devout Christian." When confronted

3

with this letter, Liu explained that he attended that church as a child and on the one occasion as an adult when he was arrested. But the explanation that he attended as a child conflicts with his prior testimony that he was arrested the first time he attended that church, and the fact that he attended only once as an adult conflicts with the letter's conclusion that he was a "devout Christian." The agency was not required to credit Liu's explanation that he did "not even know how to read anything" and that he "did not sign anything, did not fill out any form" because the explanation did not resolve the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) (finding that agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). A letter from Liu's father does not rehabilitate his testimony because it does not corroborate that he attended church as a child. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general

4

makes an applicant unable to rehabilitate testimony that has already been called into question.").

The agency also reasonably relied on inconsistencies regarding Liu's practice of Christianity in the United States. Liu testified that he never attended his sister's church in the United States; but his sister testified that he had accompanied her to her church four or five times when he first arrived in the United States.

Liu's alleged cognitive issues do not undermine the adverse credibility determination because the agency determined that Liu was competent, he does not directly challenge that competency determination, and the record supports the IJ's conclusion. "[T]he test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (B.I.A. 2011). The record supports the IJ's determination that Liu was competent to proceed because

Liu understood why he was before the IJ, had given his counsel an oral statement and submitted evidence, and was responsive to questions. *Id.* Moreover, Liu had the safeguard of counsel, and the IJ agreed to be patient if Liu needed additional time to answer. *Id.* at 481–82 ("Immigration Judges have discretion to determine which safeguards are appropriate, given the particular circumstances in a case before them."). The psychologist's report Liu submitted on appeal did not rebut the conclusion of competence because the psychologist concluded that Liu was "cognitively intact."

In sum, given the inconsistencies related to Liu's practice of Christianity in both China and the United States, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

6

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stay VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court